IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50440
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO GARCIA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. SA-95-CR-372)
- - - - - - - - - -

September 25, 1997

Before SMITH, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mario Antonio Pozo, a/k/a Lazaro Garcia, appeals from his sentence for possession with intent to distribute in excess of 50 grams of cocaine base. He argues that the district court erred: 1) by sentencing him pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) because the Government failed to establish that he possessed in excess of 50 grams of cocaine base; 2) by sentencing him as a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

career offender; and 3) by refusing to reduce his offense level based upon acceptance of responsibility. Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The district court did not plainly err by sentencing Pozo in accordance with § 841(b)(1)(A)(iii). See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Pozo's argument that the court erred by applying § 4B1.1's career-offender enhancement is facially frivolous because the PSR reflects that Pozo had three prior convictions relevant to the career-offender enhancement, two for selling marijuana and one for robbery. The district court adopted the PSR, and therefore, even if the two drug offenses should have been counted as one, Pozo still would have had two qualifying prior felony convictions. See U.S.S.G. § 4B1.1. Finally, the district court did not clearly err by refusing to reduce Pozo's offense level for acceptance of responsibility, particularly in light of the court's finding that Pozo had obstructed justice. See United States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996), cert. denied, 117 S. Ct. 1097 (1997). AFFIRMED.